UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAVITAR SINGH,

   Petitioner,

 v.

SERGIO ALBARRAN, et. al.,

   Respondents.

No.  1:26-cv-00215-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on July 13, 2024. See ECF No. 1, pg. 4. Petitioner asserts he was denied due process when he was re-detained on July 25, 2025, without notice or a pre-deprivation bond hearing. See id. at 13. The District Judge directed Respondents to file an opposition to the motion for temporary restraining order by January 14, 2026. See ECF No. 5.

Respondents filed a timely joint opposition to injunctive relief. See ECF No. 9. The Court granted Petitioner's motion for temporary restraining order and converted the motion for temporary restraining order into a motion for preliminary injunction and issued a preliminary injunction. See ECF No. 11. In ordering the preliminary injunction, the Court found that

1

Petitioner established a likelihood of success on the merits of his due process, applying the same reasoning as in Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). See id. Specifically, the Court found that "the petitioner's prior release from immigration custody provided them with a liberty interest in continued release from immigration custody, and that due process required the petitioner's immediate release and a pre-deprivation hearing." See id. The Court ordered:

> (1) Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions to which petitioner was subject prior to being re-detained;
> (2) Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk.

> Id.

The matter was referred to the undersigned for further proceedings. The undersigned issued a briefing schedule, allowing Respondents 60 days to file a response, and providing Petitioner 30 days from the date of Respondents' response to file a reply. See ECF No. 12. On January 21, 2026, Respondents filed a response, submitting "on their previously-filed pleading, or alternatively request that the matter be held in abeyance pending the outcome of the Rodriguez Ninth Circuit case cited in that pleading." ECF No. 13. Petitioner filed a reply, opposing that the matter be held in abeyance, arguing that "Petitioner's claims do not turn on the outcome of Rodriguez." ECF No. 14, pg. 2. Petitioner additionally asserted that a stay "would undermine" the relief granted with the preliminary injunction and cited other Eastern District cases where the Court denied such a request in support. Id. The Court agrees with Petitioner, and given Respondents alternatively submitted on their opposition, ECF No. 9, the matter is fully briefed.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 11, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020 (E.D. Cal. Jan. 15, 2026), that Petitioner's re-detention without notice or a pre-

deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3